UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>                    Petitioner,<br><br>         vs.<br><br>J. SOTO, Warden,<br><br>                    Respondent. | Case No. EDCV 12-02112-CJC (DTB)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections ("Obj.") to the Report and Recommendation have been filed herein. Having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

Petitioner appears to be raising numerous new claims, presented for the first time in his Objections. The Court has the discretion, but is not required, to consider arguments presented for the first time in a party's objections. See Akhtar v. Mesa, 698 F.3d 1202, 1208-09 (9th Cir. 2012); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) ("a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's

1

recommendation"); see also Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004); Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002). Out of an abundance of caution, the Court has reviewed and considered petitioner's new contention that, based on recent decisions by the California state courts and the United States Supreme Court, an aider and abetter cannot be subjected to a sentence of first degree murder. (Obj. at 51.) As explained below, petitioner's reliance on these recent decisions is misplaced.

First, petitioner relies on the California Supreme Court's decision in People v. Chiu, 59 Cal. 4th 155, 167, 172 Cal. Rptr. 3d 438 (2014). In Chiu, the state supreme court held that "a defendant cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine." The California Supreme Court expressly clarified, however, that aiders and abettors may still be convicted of first degree premeditated murder based on direct aiding and abetting principles. "[T]he prosecution must show that the defendant aided and encouraged the commission of the murder with knowledge of the unlawful purpose of the perpetrator and with the intent or purpose of committing, encouraging, or facilitating its commission." Id.

Here, petitioner was not charged under a natural and probable consequences doctrine. Rather, the jury was instructed on direct aiding and abetting principles. The jury was instructed that a person may be guilty of a crime in two ways: (1) He may have directly committed the crime; or (2) he may have aided and abetted a perpetrator who directly committed the crime. (11 Reporter's Transcript on Appeal ["RT"] 2417.) The trial court instructed the jury that in order to prove that the defendant was guilty of the crime based upon aiding and abetting that crime, the People must prove that: (1) "The perpetrator committed the crime"; (2) "[t]he defendant knew that the perpetrator intended to commit the crime"; (3) "[b]efore or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime" and (4) "[t]he defendant's words or conduct did, in fact, aid and abet the

perpetrator's commission of the crime." (11 RT 2417-18.)

Petitioner's reliance on United States v. Rosemond, 572 U.S. –, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014) is similarly misplaced. The Supreme Court in Rosemond addressed a federal criminal statute prohibiting the use or carrying of a firearm during and in relation to any crime of violence or drug trafficking crime. The Supreme Court held that when the Government charges a defendant of aiding and abetting that offense, the Government must prove that "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Id. at 1243. With respect to the intent requirement, the Supreme Court explained that a person aids and abets a crime when he intends to facilitate that offense's commission, and that intent "must go to the specific and entire crime charged." Id. at 1248. Consistent with the Supreme Court's holding in Rosemond, the jury in the present case was expressly instructed that the aider and abettor "intended to aid and abet the perpetrator in committing the crime," *i.e.*, murder. (11 RT 2418.)

Finally, the trial court also instructed the jury on the prosecution's theory that petitioner was guilty of murder as a member of a conspiracy. Petitioner appears to contend that under People v. Rivera, 234 Cal. App. 4th 1350, 1355, 184 Cal. Rptr. 3d 801 (2015), jury instructions on uncharged conspiracies are improper. (Obj. at 52.) The court in Rivera held that an instruction on an uncharged conspiracy theory of first degree murder and attempted murder was improper because it permitted the jury to find the defendant guilty of first degree murder if it found that the target crime of the uncharged conspiracy was discharging a firearm at an occupied vehicle and that first degree murder was a natural and probable consequence of that target crime.

Here, unlike in Rivera, the trial court instructed the jury that the target crime of the conspiracy was *murder*. The jury was instructed that, in order to prove that a defendant was a member of a conspiracy, the People must prove that: (1) "The

1  defendant intended to agree and did agree with one or more of the other defendants
2  to commit murder"; (2) "[a]t the time of the agreement, the defendant and one or more
3  of the other alleged members of the conspiracy intended that one or more of them
4  would commit murder"; (3) "[o]ne of the defendants or all of them committed at least
5  one overt act to accomplish murder, that being either driving to the city of Riverside
6  to shoot the victim [or] obtaining a firearm"; and (4) "[a]t least one of these overt acts
7  was committed in California." (11 RT 2418-19.)  As such, based on the foregoing,
8  the Court concludes that, to the extent petitioner is maintaining that the jury
9  instructions regarding aiding and abetting and conspiracy were improper as a result
10 of recent California and Supreme Court authority, this claim lacks merit.

11    The Court exercises it discretion not to consider the remaining new claims
12 presented for the first time.  While the Court recognizes petitioner's pro se status, it
13 also considers that petitioner has had ample opportunity to present these new claims,
14 but failed to do so.  Further, these additional claims are neither "novel" nor do they
15 rely on recent changes in the law.  See Brown, 279 F.3d at 745 (finding that the
16 district court abused its discretion by failing to consider pro se petitioner's "relatively
17 novel claim under a relatively new statute.").[1]

18    IT THEREFORE IS ORDERED that petitioner's request for an evidentiary
19 hearing is denied and that Judgment be entered denying the Petition and dismissing
20 this action with prejudice.

21 DATED: June 2, 2015

*[signature]*

THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that petitioner has made no showing that he has exhausted his available state remedies with respect to these new claims.  See 28 U.S.C. § 2254(b)(1).

4